UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-560-MOC
(3:16-cr-206-MOC-DSC-1)

| | |
|---|---|
| **ROBERY HENRY HUITT, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I. BACKGROUND

On November 11, 2016, Petitioner pleaded guilty in this Court to possession with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Crim. Case No. 3:16cr206, Doc. No. 18 at 1, 3: PSR; Doc. No. 12: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to 84 months in prison, below the sentence guidelines range of 92-115 months. (Id., Doc. No. 22: Judgment; Doc. No. 23: Statement of Reasons). In determining Petitioner's total offense level of 23, the Court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), based on the Court's finding that Petitioner possessed a dangerous weapon.

Petitioner appealed, but his appeal was later dismissed. (Id., Doc. No. 34). On October 15, 2018, Petitioner timely filed the present § 2255 motion, arguing that counsel was ineffective for failing to object to Petitioner's two-level sentencing enhancement under Section 2D1.1(b)(1). The Government filed its Response on February 19, 2019, (Doc. No. 3), and Petitioner filed a Reply on March 7, 2019, (Doc. No. 6).

1

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

In support of his ineffective assistance of counsel claim, Petitioner contends that his attorney was deficient for failing to object to Petitioner's two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1). Petitioner argues that he was not subject to Section 2D1.1(b)(1) because he contends that Section 2D1.1(b)(1) "does not apply to those convicted of 'possession [with intent] to distribute.'" (Doc. No. 1 at 15). Petitioner's ineffective assistance of claim is without merit. First, contrary to Petitioner's assertion, Section 2D1.1(b)(1) does apply to those convicted of possession with intent to distribute. U.S.S.G. Appendix A at 591 (2016) (specifying that U.S.S.G. § 2D1.1 applies to offenses under "21 U.S.C. § 841(a)"); United States v. Manigan, 592 F.3d 621, 625 (4th Cir. 2010) (upholding application of Section 2D1.1(b)(1) to convictions for possession with intent to distribute cocaine).

Moreover, nothing in the plea agreement precluded this Court from applying that guideline. (Crim. Case No. 3:16CR206, Doc. No. 10 at 2: Plea Agreement). Petitioner, therefore, cannot establish that his attorney's performance fell below an objective standard of reasonableness, judged "from counsel's perspective at the time." Strickland, 466 U.S. at 689. An attorney is not deficient for omitting to make meritless or even "long-shot" arguments. United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014). Nor can Petitioner establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. No reasonable probability exists that this court would have sustained an objection to section 2D1.1(b)(1) based on Petitioner's mistaken theory about the scope of that guideline, or the plea agreement. See United States v. Tate, 845 F.3d 571, 575 (4th Cir. 2017) ("[I]n enforcing plea agreements, the government is held only to those promises that it actually made to the defendant.").

This Court will also deny Petitioner's request that the Court order Petitioner's counsel to "release the case file." (Doc. No. 1 at 13). Rule 6 of the Rules Governing 2255 proceedings, "which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions." Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994). To obtain discovery under the "good cause" standard, Petitioner must establish a "prima facie case for relief." United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Good cause for discovery requires, at a minimum, "specific allegations of fact" that, if proved, "would entitle him to relief." United States v. Webster, 392 F.3d 787, 801 (5th Cir. 2004). Here, the facts alleged in Petitioner's motion, even if proven, would not entitle him to relief. Therefore, Petitioner is not entitled to discovery.

In sum, Petitioner's claim is without merit, and the Court will therefore deny and dismiss his motion to vacate.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 12, 2019

Max O. Cogburn Jr.
United States District Judge