## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:16-CR-00206-MOC-DSC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **<u>ORDER</u>** |
| **ROBERT HENRY HUITT, JR.,** | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Compassionate Release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. No. 43. Defendant seeks release based on the COVID-19 pandemic, asserting his medical conditions place him at an increased health risk from the virus while incarcerated. As explained below, the motion is denied.

### I.   BACKGROUND

On August 17, 2016, a federal grand jury in the Western District of North Carolina issued an indictment, charging Defendant with—among other things—possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Doc. No. 1 at 1–2. On November 23, 2016, Defendant pleaded guilty to that offense. Doc. No. 12. The United States Probation Office then prepared a presentence investigation report to assist the Court at sentencing, Doc. No. 18, which the Court adopted in imposing its sentence, Doc. No. 23.

The report detailed the nature and the circumstances of the offense leading to Defendant's guilty plea. On several occasions, informants purchased cocaine base from Defendant, purchasing a total of 28.13 grams. See Doc. No. 18 at 3–4. On at least one occasion, the informant also purchased a firearm from Defendant. See id. at 3. Prior to possessing the firearm, Defendant has been convicted of at least one crime punishable by a term of imprisonment of more than one year.

See id. at 4.  In the report, Defendant again admitted his involvement and his guilt.  See id.

The report also detailed Defendant's extensive criminal history.  Among many other offenses, Defendant was convicted on several occasions of possessing drug paraphernalia and of possessing marijuana.  See id. at 6–13.  Defendant was likewise convicted of two offenses of possessing a stolen motor vehicle in 2006, as well as selling and delivering counterfeit controlled substances in 2009.  See id.  In 2009, Defendant was convicted of assaulting a government official with a deadly weapon.  See id. at 8.  And in 2011, Defendant was convicted of both being a felon in possession of a firearm and of assault by strangulation.  See id. at 10–11.

At sentencing, based on the nature of the offense and Defendant's criminal history, the Court found that Defendant's Total Offense Level was 23, Criminal History Category was VI, and his Guidelines imprisonment range was 92 to 115 months.  Doc. No. 23 at 1.  Still, the Court varied below the Guidelines based on Defendant's substantial assistance to the Government.  Id. at 3.  On April 26, 2017, the Court imposed a sentence of 84 months.  Doc. No. 22.

On July 2, 2020, Defendant filed the instant *pro se* motion, seeking compassionate release from prison based on the COVID-19 pandemic.  See Doc. No. 43.  In support, he maintains that his health conditions—asthma, high blood pressure, and a heart murmur—render him especially vulnerable to COVID-19.  See id.  Defendant also notes that inmates and staff at FCI Butner presently suffer from hundreds of confirmed cases of COVID-19.  See id.

The Government responded, asserting that Defendant should not receive compassionate release for two reasons.  First, Defendant failed to offer "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3582(c).  Doc. No. 46 at 9–11.  Of note, the Bureau has taken extraordinary measures to mitigate the risk of COVID-19 transmission in prison facilities and to help Defendant manage his health conditions during the pandemic.  See id.  And

2

while FCI Butner generally has many cases, "[v]ery few cases have occurred at Butner II, where Defendant is housed." Id. at 12. Furthermore, Defendant's medical records reveal that his hypertension is well-controlled, and he is pre-diabetic rather than diabetic. See id. at 11. And his medical records do not indicate any diagnosis or history of asthma. See id. The Government also notes that Defendant presented no medical evidence of his own to rebut these conclusions.

Second, assuming these facts could present an "extraordinary and compelling reason" warranting a sentence reduction, the Government next asserts that the § 3553(a) factors militate against compassionate release. See id. at 11–13. In particular, Defendant's criminal history shows that he "would pose a danger to public safety if released" and thus the Court should "deny a sentence reduction on that basis alone." Id. at 12. Moreover, given his extensive criminal history and the "numerous instances of Defendant engaging in sales of controlled substances, as well as selling a firearm despite being a felon," releasing him at this point "would not be appropriate considering the history and characteristics of the defendant, as well as the nature and circumstances of the offense, the need to afford adequate deterrence for Defendant's criminal conduct, and the need to protect the public from the future crimes of the Defendant." Id. at 12

## II. ANALYSIS

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." As relevant here, the applicable policy statement provides that the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the Court determines that" (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community, as provided

3

in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; see United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

Here, the Court has considered the state of the COVID-19 pandemic—both generally and within Defendant's place of imprisonment—Defendant's criminal history, his disciplinary record while imprisoned, and his age and medical conditions. On balance, the weight of this evidence and the § 3553(a) factors counsel against release at this time. As explained by the Government—and as expressly adopted here—Defendant failed to present an "extraordinary and compelling reasons" warranting a reduction. See Doc. No. 46 at 9–12. And, even assuming Defendant did present such a reason, the Court finds that he should not be released because he would pose a danger to the safety of the community if released now. See id. 11–13. Lastly, the Court finds that Defendant should not be released because the § 3553(a) factors weigh against release at this time. See id. at 12–13. Accordingly, the Court declines to order compassionate release.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion for Compassionate Release, Doc. No. 43, is **DENIED**.

Signed: August 10, 2020

Max O. Cogburn Jr
United States District Judge