UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CR-206-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROBERT HENRY HUITT, JR., | ) |
| | ) |
| Defendant. | ) |

This matter comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 53). The government opposed the motion noting that Defendant has not exhausted his administrative remedies for this third Motion for Compassionate Release. (Doc. No. 56).

**I. BACKGROUND**

Huitt is serving an 84-month sentence for possession with intent to distribute cocaine base. Doc. No. 22. Huitt, at age thirty-two, is currently incarcerated at Bennettsville FCI in Bennettsville, South Carolina. BOP Inmate Locator. Huitt filed a *pro se* motion for compassionate release on June 10, 2020. (Doc. No. 41 ("Mot. Comp. Rel. No. 1")). At the time, Huitt was incarcerated at Butner FCI in Butner, North Carolina. Id. The Court denied Huitt's motion for his failure to show that hehad exhausted available administrative remedies. ( Doc. No. 42). Huitt applied with the warden of FCI Butner for compassionate release and was denied on June 17, 2020. (Doc. No. 43. ("Mot. Comp. Rel. No. 2")). Huitt next filed a pro se motion for a compassionate release on July 2, 2020. Id. In his motion, Huitt listed asthma, high blood pressure, and a heart murmur as medial conditions that he argued rendered him especially

1

vulnerable to COVID-19 at FCI Butner. Id. The Court addressed the merits of Huitt's motion and found that Huitt failed to present "extraordinary and compelling reasons" warranting a reduction. Doc. No. 48 at 4. The Court also found that Huitt posed a danger to the safety of the community if released and that the § 3553(a) factors weighed against Huitt's release. Id. Accordingly, the Court denied Huitt's motion. Id.

On April 1, 2021, Huitt filed a third motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), also based on the COVID-19 pandemic. (Doc. No. 53). ("Mot. Comp. Rel. No. 3")). Huitt's motion does not include any contention or evidence to support that Huitt first sought relief with the BOP before litigating this matter in federal court. Id.

**II.     DISCUSSION**

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his term of imprisonment. Before filing that motion, however, the defendant must first request that the BOP file such a motion on his behalf. § 3582(c)(1)(A). The compassionate release statute provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A). Thus, a court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. The defendant bears the burden of showing that he has submitted such a request to the BOP. See United States v. Van Sickle, No. CR18-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule and must be enforced if a party "properly raise[s]" it. Eberhart v. United States, 546 U.S. 12, 19 (2005) (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a non-jurisdictional but mandatory claim-processing rule); United States v. Franco, 973 F.3d 465, 467–68 (5th Cir. 2020) (holding the exhaustion requirement in § 3582(c)(1)(A) is a mandatory claim-processing rule), cert. denied, 2020 WL 7132458 (Dec. 7, 2020); United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).

As the Third Circuit has confirmed: where 30 days have not passed following presentation of a request to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). This requirement serves an important purpose: it "provide[s] BOP with the first opportunity to evaluate a prisoner's request," consistent with Congress's determination that "BOP, not the Court, is better positioned to first evaluate a defendant's request and consider whether modificationof a term of imprisonment is appropriate." United States v. Beahm, No. 1:05-CR-249, 2020 WL 4514590, at *1 (E.D. Va. Aug. 5, 2020). Further, requiring defendants to seek relief first with BOP "ensures that prison administrators can prioritize the most urgent claims" and "can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." Alam, 960 F.3d at 835. The United States raises the rule here, and it must be enforced. See United States v. Wroten, No. 1:06-CR-250, 2020 WL 3960825, at *2-3 (W.D.N.C. July 13, 2020) (holding defendant's failure to exhaust

3

administrative remedies "precludes the Court from considering the merits of Defendant's motion").

Successive compassionate release motions must independently satisfy the exhaustion requirement. United States v. Cain, 1:16-CR-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb.3, 2021) (citing United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020); United States v. Benoit, 1:16-CR-00103-JAW-1, 2020 WL 6060885, at * (D. Me. Oct. 14, 2020); United States v. Amparo, No. 19-CR-10004-ADB, 2020 WL 7130003, at *1-2 (D. Mass. Dec. 4, 2020); United States v. Iwai, No. 15-cr-00723-DKW, 2020 WL 6470167, at *3 (D. Haw. Nov. 3. 2020)). Construing the exhaustion requirement as motion-specific is consistent with § 3582(c)(1)(A)'s plain language and statutory framework. Cain, at *4. A defendant must demonstrate renewed compliance with the exhaustion requirements with each successive compassionate release motion filed. Cain, at *5.(finding that a one-time compliance with the exhaustion requirement "does not carry forward in perpetuity to all [the defendant's] subsequent compassionate release motions.").

Huitt has not met his burden of showing that he has exhausted his administrative remedies with BOP, or that 30 days have passed since making a request for compassionate release specific to his most recent compassionate release motion. Further, the government contacted a BOP staff attorney and received no information to support that Huitt satisfied the exhaustion requirement before filing his third and most recent motion. Even though Huitt made a similar request for release to the BOP in June of 2020, he did so at a different prison and under different circumstances. The compassionate release statute reserves to the warden at Bennettsville FCI the ability to initially assess Huitt's request for release, his health, and the conditions inside the prison. Huitt has not afforded the Bennettsville FCI warden that opportunity delegated first to the BOP consistent with the exhaustion requirement in §

3582(c)(1)(A).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 53), is **DISMISSED**, without prejudice. Defendant will be allowed to refile the motion after he has exhausted his remedies with the BOP.

Signed: June 2, 2021

Max O. Cogburn Jr
United States District Judge